UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-CV-60067 (Cohn/Seltzer)

SOFIA KATZ, and
ARNOLD KATZ, her husband,

      Plaintiffs,

v.

J.C. PENNEY CORPORATION,
INC., a foreign corporation,

      Defendant.
_____/

## ORDER DENYING MOTION FOR REMAND

**THIS CAUSE** is before the Court upon Plaintiffs Sofia Katz and Arnold Katz's Motion for Remand [DE 6] (the "Motion to Remand"). The Court has carefully considered the Motion to Remand, Defendant J.C. Penney Corporation, Inc.'s Memorandum in Opposition to Plaintiff's Motion for Remand [DE 7] (the "Response"), Plaintiff's Reply [DE 12] (the "Reply") and Defendant's Verified Notice of Removal [DE 1] (the "Notice of Removal") and is otherwise duly advised in the premises.

### I. BACKGROUND

On December 4, 2008, Sofia Katz and Arnold Katz (collectively the "Plaintiffs") filed a Complaint and Demand for Trial by Jury (the "Complaint") in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. The Complaint seeks "damages in excess of Fifteen Thousand ($15,000.00) Dollars" for alleged injuries sustained by Sofia Katz in a slip and fall accident at a J.C. Penney store located in Pembroke Pines, Florida. (Complaint, ¶¶1 and 4, Exhibit A to Notice of Removal, DE 1).

On January 14, 2009, J.C. Penney Corporation, Inc. (the "Defendant") filed the Notice of Removal. On February 9, 2009, Plaintiffs filed the instant Motion and argue that the case should be remanded to state court because there is no diversity of citizenship between the parties and the amount in controversy does not exceed $75,000.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction that were created by Congress with specified jurisdictional requirements and limitations. See generally 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §3522 (2d ed. 1984 & Supp. 2008). Federal jurisdiction is premised on either federal question or diversity of citizenship. 28 U.S.C. §§1331 and 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff and the defendant are citizens of different states. 28 U.S.C. § 1332(a). If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of demonstrating the court's jurisdiction over the matter. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).

### A. Diversity of Citizenship.

The Notice of Removal states that diversity of citizenship exists between the parties. Specifically, the Notice of Removal alleges that Defendant is a Texas corporation with its principal place of business in Texas, "Plaintiffs are residents of Broward County, Florida" and "each of the parties' state of citizenship and

incorporation clearly demonstrate that the instant suit constitutes an action between citizens of different states." (Notice of Removal, DE 1, ¶¶9-15). The Complaint is silent on Plaintiffs' state of citizenship and describes Defendant as a "foreign corporation." (Complaint, p. 1, Exhibit A to Notice of Removal, DE 1).

Plaintiffs do not challenge the citizenship of the parties but instead, raise the issue of the lack of authentication of documents used to substantiate the citizenship of the parties. Plaintiffs challenge the reliability of a copy of an on-line document titled "Lori Parrish Broward County Property Appraiser" (the "Broward County Property Report") attached to the Notice of Removal that lists Plaintiffs as the owners of a condominium in Hollywood, Florida that is subject to a homestead exemption. (Exhibit D to Notice of Removal, DE 1). Plaintiffs argue that the document is unreliable because the report "is unauthenticated and at best establishes only that the Plaintiffs owns property in the State of Florida." (Motion to Remand, DE 6, ¶2).

Plaintiffs fail to cite any authority for its proposition that the Broward County Property Report must be authenticated. The failure to authenticate a document is not in itself a sufficient ground to exclude it for consideration in a motion to remand. Davenport v. Ford Motor Co., No. 1:05-cv-3047-WSD, 2006 U.S. Dist. LEXIS 49481 at *12 (N.D. Ga. July 19, 2006); see also McNair v. Monsanto Co., 279 F.Supp.2d 1290, 1299 (M.D. Ga. 2003). Plaintiffs have not denied that the Broward County Property report is accurate or authentic nor have they alleged any facts that would dissuade this Court from considering it as evidence of Plaintiffs' citizenship. More importantly, Plaintiffs do not deny the factual allegation of their residency in the Motion to Remand or Reply nor do Plaintiffs offer any evidence that they are not Florida citizens.

Plaintiffs also challenge the reliability of documents[1] attached as exhibits to the Notice of Removal that state that Defendant is a Texas corporation with its principal place of business in Texas because they are unauthenticated (Motion to Remand, DE 6, ¶2).[2] However, in the Complaint, Plaintiffs identify Defendant as a "foreign corporation." (Complaint, Exhibit A to Notice of Removal, DE 1). Further, Defendant has adequately pled the citizenship of a well-known corporation and Plaintiffs fail to deny or give any reason to raise any doubt regarding the accuracy of Defendant's allegations. Lazo v. US Airways, Inc., No. 08-80391-Civ-Ryskamp/Vitunac, 2008 U.S. Dist. LEXIS 66814 (S.D. Fla. August 21, 2008); Campbell v. Air Jamaica Limited., No. 08-60228-Civ-Huck/O'Sullivan, 2008 U.S. Dist. LEXIS 50657 (S.D. Fla. July 2, 2008).

The failure of a plaintiff to contest the existence of actual diversity was addressed by Judge Moore:

<u>Plaintiff does not claim that diversity does not exist, merely that it is not</u>

---

[1] As evidence of its citizenship, Defendant attached an Affidavit by its counsel, a copy of an on-line document from the Florida Department of State: Division of Corporations and a copy of a 2008 For Profit Corporation Annual Report listing Defendant as a foreign profit corporation with its principal place of business in Texas and the Texas addresses of its officers and directors. (Exhibits B and C to Notice of Removal, DE 1).

[2] Plaintiffs also argue that the affiant "does not assert that she has sufficient knowledge to set forth whether the Defendant is a citizen of the State of Texas." (Motion to Remand, DE 6, ¶2). The Affidavit clearly states that affiant Bianca Lupovici, counsel for Defendant, "[has] personal knowledge of all matters contained in this Affidavit" and then states that "J.C. PENNEY is a Texas corporation with its principal place of business in Plano, Texas." (Exhibit B to Notice of Removal, DE 1, ¶¶ 2 and 4). There can be no dispute that Defendant's counsel has asserted specific knowledge of Defendant's citizenship. E.g., McNair, 279 F.Supp.2d at 1299 ("the Court is satisfied that each affiant is competent to testify as to matters asserted and their assertions are based on personal knowledge. Each affiant avers that the statements contained therein are based on personal knowledge.")

4

> sufficiently or properly pled ...
>
> Defendants' Notice of Removal (DE #1) contains sufficient allegations to sustain removal of this case to federal court, and the allegations are not contradicted by Plaintiff. The Notice alleges Plaintiff "at all times material to the Complaint, was and is a Florida resident domiciled in Monroe County, Florida." Notice of Removal at P 12. It alleges Defendant Alamo, "at all times relevant in this action, was and is a Delaware Limited Partnership and has its principal place of business in the State of Oklahoma [and therefore] is a citizen of the States of Delaware and Oklahoma" ...
>
> As plaintiff merely argues the pleading is insufficient, but does not contest the existence of actual diversity, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Remand (DE #7) is DENIED.

Huchon v. Jankowski, No. 06-10094-Civ-Moore/Garber, 2007 U.S. Dist. LEXIS 5301 at **5-7 (S.D. Fla. January 25, 2007)(emphasis added). Similarly, Plaintiffs fail to deny the existence of diversity and fail to allege any facts to demonstrate that diversity does not in fact exist.

This Court concludes that Defendant has sufficiently alleged the citizenship of Plaintiffs. It is well established that a party's residence is *prima facie* evidence of a party's domicile. E.g., Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954)[3]; Deckers v. Kenneth W. Rose, Inc., 592 F.Supp. 25, 28 (M.D. Fla. 1984). For purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Deckers, 592 F.Supp. at 27; Lazo, 2008 U.S. Dist. LEXIS 66814 at *5.

## B. Amount in Controversy.

The remaining issue is whether the amount in controversy supports removal.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

Where, as here, the Complaint[4] seeks an unspecified amount of damages, Defendant must establish the amount in controversy by a preponderance of the evidence. Tapscott v. M.S. Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). When applying this standard, the Court must construe the removal statutes narrowly because there is a strong presumption against federal jurisdiction in the context of removal. Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996). Conclusory allegations of the jurisdictional amount, without setting forth the underlying factual basis, are not sufficient to meet a defendant's burden. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Furthermore, a court will not conduct "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

In the Notice of Removal, Defendant alleges that "Plaintiffs made a pre-suit demand ... by asserting economic damages in the form of current medical expenses incurred by the Plaintiff in the amount of $58,995.78, as well as future medical care amounting to $39,800.00" and that these amounts coupled with Plaintiffs' claims for other types of damages exceed the jurisdictional amount of $75,000. (Notice of Removal, DE 1, ¶¶ 5-8). Attached to the Notice of Removal is an Affidavit by Defendant's counsel which states that "Affiant has had an opportunity to review the damages that were allegedly sustained as a result of the subject incident, and if

---

[4] The Complaint states that it is an action for "damages in excess of Fifteen Thousand ($15,000.00) Dollars." (Complaint, ¶1, Exhibit A to Notice of Removal, DE 1).

6

awarded, the value of said injuries would exceed the jurisdictional requirements of this Court." (Affidavit of Bianca Lupovici, ¶6, Exhibit B to Notice of Removal, DE 1). In its Response to the Motion to Remand, Defendant further alleges that "counsel for the Defendant arrived at her valuation of the jurisdictional amount through examining the *medical records* provided by the Plaintiff in its demand package." (Response, DE 7, ¶10; italics in original).

(1) **Scope of Review.**

Plaintiffs do not deny or otherwise challenge the accuracy of the amount in controversy set forth in the Notice of Removal. Instead, Plaintiffs argue that the Court cannot consider the information contained in the pre-suit demand package[5] in its evaluation of the amount in controversy. (Motion to Remand, DE 6, ¶3).

First, Plaintiffs argue, without citation to any applicable case law in this circuit, that the information contained in the pre-suit demand package is not admissible under Fla. Stat. 90.408. (Motion to Remand, DE 6, ¶3; Reply, DE 12, ¶4). The language of Fl. Stat. 90.408[6] is similar to Federal Rule of Evidence 408 that provides in relevant part, that statements made in compromise negotiations are "not admissible ... when offered

---

[5] Plaintiffs admit that there was "a presuit demand package that was offered in an attempt to obtain a compromised settlement of the instant case." (Motion to Remand, DE 6, ¶3). Plaintiffs appear to dispute the existence of a "supposed presuit demand letter." (Reply, DE 12, ¶¶3, 4). However, Defendant never referred to any specific letter; instead the amount in controversy is based on "medical records provided by the Plaintiffs in its demand package." (Response, DE 7, ¶10).

[6] Fla. Stat. 90.408 provides that "[e]vidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for a claim or its value."

7

to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Rule 408 further provides that "[t]his rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)." In <u>Asher v. Shottenkirk, Inc.</u>, No. CA 94-0668-P-C, 1994 U.S. Dist. LEXIS 18869 (S.D. Ala. November 1, 1994), Judge Cassady concluded that Rule 408 did not prohibit consideration of a post-suit settlement offer for less than $50,000 that was made prior to the notice of removal.[7] Relying on the Eleventh Circuit's <u>Burns</u>[8] decision, Judge Cassady stated:

> [S]trict application of Rule 408 is not necessary when judicial officers are attempting to discern the amount in controversy for purposes of deciding whether the Court's jurisdiction has been properly invoked ...
>
> The Court also finds that there is no reason not to believe that the August 18, 1994 settlement offer was anything other than a bona fide effort to settle the entire claim.

1994 U.S. Dist. LEXIS 18869 at **10-13. This Court agrees with the reasoning of Judge Cassady to allow consideration of the pre-suit demand package.

Second, Plaintiffs argue that the scope of documents that this Court may consider includes only the "initial Complaint or any other documents as filed by Plaintiff" and since the pre-suit demand package was not referenced or attached to the Complaint or otherwise "filed by the Plaintiff", the information contained in the pre-suit demand package may not be considered by this Court. (Reply, DE 12, ¶¶ 3-4). This Court disagrees and concludes that the information contained in the pre-suit demand

---

[7] The minimum jurisdictional limit of the federal court at this time was $50,000.

[8] <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092 (11th Cir. 1994).

package may be considered. In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. Lowery, 483 F.3d at 1213-1214. Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal. Williams, 269 F.3d at 1320; Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000). Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed. Morock v. Chautauqua Airlines, Inc., No. 8:07-CV-00210-T17MAP, 2007 U.S. Dist. LEXIS 43133 at **6-7 (M.D. Fla. June 14, 2007).

Plaintiffs also argue that the Court should not consider the Affidavit of Defendant's counsel because the Affidavit does not contain any dollar amount and the Affidavit is not an "other paper" coming from the Plaintiffs under 28 U.S.C. §1446(b). (Reply, DE 12, ¶4). Since the jurisdictional amount was set forth in the Defendant's Notice of Removal and Response, the failure to expressly include the dollar amount in the Affidavit is of minimal consequence. Furthermore, the Affidavit of Defendant's counsel may be considered by this Court. A defendant opposing remand may provide evidentiary support of its assertion of the jurisdiction amount in both the notice of removal and response to a plaintiff's motion to remand. Lazo, 2008 U.S. Dist. LEXIS 66814 at *11; Deel v. Metromedia Restaurant Services, Inc., No. 3:05-Cv- 120/MCR, 2006 U.S. Dist. LEXIS 10174 at **9-10 (N.D. Fla. February 2, 2006). This evidentiary support may be in the form of an affidavit. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[A] removing attorney may support federal jurisdiction by setting

9

forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."). Consideration is proper especially where the information contained in the Affidavit is from the Plaintiffs' pre-suit demand package. Lazo, 2008 U.S. Dist. LEXIS 66814.

Plaintiffs also argue that neither the Affidavit nor the pre-suit demand package is an "other paper" under the second paragraph of 28 U.S.C. §1446(b). (Reply, DE 12, ¶ 4). Plaintiffs' argument confuses the jurisdictional and procedural considerations of removal of state court actions. Lowery, 483 F.3d at 1194. Since Defendant timely filed the Notice of Removal within 30 days of service of the Complaint, the issue of whether the pre-suit demand package is an "other paper" for purposes of the second period to file a notice of removal under 28 U.S.C. 1446(b) is not relevant to the inquiry before this Court. Therefore, the cases cited by Plaintiffs involving post-suit settlement offers or demands are of limited persuasive value.[9]

### (2) Establishing the Jurisdictional Amount in Controversy.

The Court concludes that Defendant has met its jurisdictional burden of establishing the amount in controversy based on information received from Plaintiffs in the pre-suit demand package. In the present case, the Court is persuaded that the pre-suit demand package reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiff. Morock, 2007 U.S. Dist. LEXIS

---

[9] E.g., Essenson v. Coale, 848 F.Supp. 987 (M.D. Fla. 1994)(post-suit settlement offer triggered second 30 day period to file notice of removal); Addo v. Globe Life & Accident Insurance Co., 230 F.3d 759 (5th Cir. 2000)(same); cf. Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992)(pre-suit knowledge of defendant of amount of claims did not trigger initial 30 day period to file notice of removal).

43133 at **6-7; Alshakanbeh v. Food Lion, LLC, No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746 at **7-8 (M.D. Fla. March 23, 2007).

First, the Court considers the actual damages suffered by Plaintiffs in the amount of $58,995.78 representing incurred medical costs as set forth in the pre-suit demand package. Mirras v. Time Insurance Co., 578 F.Supp.2d 1351 (M.D. Fla. 2008). Second, Defendant alleges future medical costs of $39,800 as set forth in the pre-suit demand package. Since the future medical costs are estimates made by Plaintiffs as part of their pre-suit demand package, this Court will consider these costs in evaluating the amount in controversy. Alshakabeh, 2007 U.S. Dist. LEXIS 20746 at **7-8. Third, even if this Court were to exclude the future medical expenses as speculative, the other damages such as pain and suffering that are being sought by Plaintiffs, if proven, together with the medical costs already incurred by Plaintiffs, support a finding that the jurisdictional amount in controversy has been established.

In Henderson v. Dollar General Corp., No. 07-0799-CG-M, 2009 U.S. Dist. LEXIS 29903 (S.D. Ala. April 7, 2009),[10] Judge Granade concluded that the jurisdictional requirement had been met where the plaintiff pleaded $57,328 in medical expenses, $9,000 in lost earnings and an unspecified amount due for pain and suffering and other damages:

> The defendant need only make up a difference of less than $10,000 in controversy to keep this case in federal court. Although the evidence before the court is not impregnable, "a fair and impartial mind" would clearly find that years of pain in addition to the other elements of damage that the plaintiffs claim add

---

[10] The Henderson court relied on the unpublished opinion Allen v. Toyota Motor Sales, U.S.A., Inc., 155 Fed. Appx. 480 (11th Cir. 2005), that it concluded was "almost directly on point."

11

up to a dispute of at least that amount ... The court finds that there is a sufficient amount in controversy and, consequently, that it has original subject matter jurisdiction over this diversity case.

2009 U.S. Dist. LEXIS 29903 at ** 10-11; see Wilson v. Time Insurance Co., No. 2:06-Cv-147-FtM-99SPC, 2006 U.S. Dist. LEXIS 51181 (M.D. Fla. July 26, 2006); Macy's Florida Stores, LLC v. Illinois National Insurance Co., No. 08-21619-Civ-Ungaro, 2008 U.S. Dist. LEXIS 64908 (S.D. Fla. July 11, 2008). In the present case, Plaintiffs sought $58,995.78 in medical expenses in their pre-suit demand package leaving a balance of $16,004.22 to meet the $75,000 jurisdictional amount. Taking into account that the balance represents less than one half of the Plaintiff's own estimate of $39,800 in future medical costs and Plaintiff seeks additional damages for pain and suffering, this Court concludes that Defendant has established by a preponderance of the evidence that the jurisdictional amount has been satisfied.

Finally, Plaintiffs have not contested the veracity of the information in their pre-suit demand package or the amounts alleged in the Notice of Removal. E.g., Wilson, 2006 U.S. Dist. LEXIS 51181. Plaintiffs had the opportunity, but failed, to assert that the pre-suit demand package did not reflect the actual damages suffered or that Defendant's allegations did not reflect the true amounts set forth in the pre-suit demand package. Plaintiffs do not claim that the pre-suit demand package amounts were inflated as part of a legal strategy to extract a settlement in lieu of litigation or claim that the amount of damages sought is less than $75,000.

Although an unpublished opinion, in AAA Abachman Enterprises, Inc. v. Stanley

Steemer International, Inc., 268 Fed. Appx. 864 (11th Cir. 2008),[11] the Eleventh Circuit concluded that the amount in controversy requirement was satisfied based on the plaintiff's pre-suit demand letter and complaint that sought "hundreds of thousands of dollars." Id. at 865. The Eleventh Circuit observed that the plaintiff "had the opportunity to submit evidence that the value of the rights was $75,000 or less in conjunction with its motion for remand to state court but did not do so." Id. at 866.

The Court concludes that Defendant has met its jurisdictional burden of establishing that the amount in controversy exceeds $75,000 based on evidence of actual damages and future damages set forth in Plaintiffs' pre-suit demand package coupled with Plaintiffs' failure to deny or otherwise contradict the information contained in its pre-suit demand package. Morock, 2007 U.S. Dist. LEXIS 43133.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand is **DENIED**.

**DONE AND ORDERED** in the Chambers of Fort Lauderdale, Broward County,

---

[11] In an earlier opinion, the Eleventh Circuit affirmed an order denying a motion to remand based on the plaintiff's failure to challenge the defendant's allegation of the amount in controversy and stated:

> Plaintiff presented no evidence to contradict defendant's damages calculations, nor did plaintiff deny the damages exceeded the jurisdictional amount when given the opportunity. Under these circumstances, the district court correctly determined that defendant carried its burden of establishing removal jurisdiction was correct [sic], and the court's decision to deny plaintiff's remand motion is affirmed.

Sierminski, 216 F.3d at 949.

Florida on this 1st day of June, 2009.

_____
JAMES I. COHN
United States District Judge

Copies Provided to:

Counsel of Record